WILLIAM HOLLINSHEAD, Plaintiff in Error, *vs.* AUGUST VON GLAHN, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

When a Defendant suffers a default in an action, and fails to take advantage of points which were open to him, this Court will hold him to have waived them, unless he can make a satisfactory excuse for his previous omission. And when this Court has decided a point, parties have a right to act upon it as settled; the Court will not allow injury to result to suitors in consequence of such dependence, in the event of a subsequent change in the decision of such point.

Points and authorities of Plaintiff in Error.

The Court below erred in refusing the motion of the Defendant below to set aside the assessment of damages. *See Marston vs. Talcott, Sup. Court Minn., Jan. T.* 1860.

Points and authorities of Defendant in Error.

*First.*—A Defendant who neglects to serve a demand for an assessment of damages, and fails to appear at the time and place of the assessment, after notice given, and suffers judgment to go by default, must show that the same " occurred through his mistake, inadvertance, surprise, or excusable neglect," before the Court will relieve. *Stat. of Minn. Sec.* 90, *p.* 544.

*Second.*—And this relief being a matter of discretion with the Court where the application is made, this Court will require a strong case before interfering with the exercise of that discretion. *Myrick vs. Edmondson & Co.,* 2 *Minn. Rep.* 259.

H. J. HORN, Counsel for Plaintiff in Error.

VAN ETTEN & OFFICER, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J. Judgment was entered in this case on the 29th day of March, 1859. At that time, this Court had, in the case of *Mason, Craig, et al. vs. Calender, Flint & Co.,* 2 *Minnesota Reports,* 350, decided that the damages on the breach of a money contract were the same as

the interest agreed to be paid on the contract before breach. This decision was to some extent founded upon a former decision of the Territorial Supreme Court, holding an analogous principle. *Wakefield vs. Brewster*, 1 *Minn. R.* 352. With these two decisions of the Supreme Court against him, it can hardly be said that the Defendant was guilty of any negligence, or that he is chargeable with any waiver of his rights, in not contesting the assessment of damages at the time the judgment was taken against him. He was fully justified in supposing that the decisions would be adhered to, and that the rule of damages was settled. Afterwards, however, this Court, on a re-argument of the point, held that the measure of damages adopted in the case of *Mason, Craig, et al. vs. Callender, Flint & Co.*, was erroneous, and that only seven per cent. per annum could be recovered as damages on the breach of money contracts. *Marston vs. Talcott*, 3 *Minn.* 339.

And the Supreme Court of the United States reversed the decision in the case of *Wakefield vs. Brewster*, holding as we did in the case of *Marston vs. Talcott*, that seven per cent. per annum was all that could be recovered as damages on money contracts. After this change in the rule of decision, the Defendant made his motion in the Court in which judgment had been recovered against him for a re-assessment of damages, that he might have the benefit of the rule last adopted. Where a Defendant suffers a default in an action, and fails to take advantage of points which were open to him, this Court will hold him to have waived them, unless he can make a satisfactory excuse for his previous omission. In this case we think the facts that are stated above, are a perfect answer to any charge of sleeping on his rights that can be made against the Defendant. When the highest Court in the State has decided a point, parties have a right to act upon it as settled, and we will not allow any injury to result to suitors in consequence of such dependence, when we feel bound in duty to change our decisions.

Under these considerations the Court below should have granted the Defendant's motion for a reassessment of damages. The case is remanded with directions to modify the judgment entered, by striking out all above seven per cent. per annum after the maturity of the note.