## BAILEY V. SCOTT.

1. An order vacating an order which vacated a former order setting aside a sheriff's sale under foreclosure judgment is an appealable order, as affecting a substantial right upon a summary application after judgment.
2. On an appeal from an order made upon affidavits, or other written evidence, no bill of exceptions is necessary. Section 5217, Comp. Laws, provides that in such case the clerk of the trial court shall certify and transmit to the supreme court the original papers used by each party on the application, or copies if so directed by the court, and does away with the necessity for a bill of exceptions.
3. A party cannot predicate error upon the granting of an order by the court below, where such order was made upon his own application.

(Syllabus by the court. Submitted April 22, 1890. Opinion filed Dec. 3, 1890.)

Appeal from district court. Hon. CHARLES M. THOMAS, Judge.

The material facts and the nature of the proceedings are stated in the opinion.

*William·T. Coad*, for appellant.

*Day, Bangs*, and *Haynie*, for respondent.

KELLAM, J.   This is an appeal from an order of the district court of Pennington county.   The affidavit upon which the order was made presents a statement of facts in detail, which may be fairly summarized as follows:   In· November, 1887, in an action against respondent, the appellant had judg-ment of foreclosure and sale of certain mortgaged premises in Pennington county, in pursuance of which the premises were sold by the sheriff of said county on the 16th day of January, 1888, to said appellant.   A certificate of sale was made to him, and on the 7th day of March following he assigned the same to James K. O. Sherwood.   On the 1st day of November follow-ing, on the affidavit and motion of William T. Coad, attorney for appellant, in such foreclosure proceedings, and without no-tice to respondent, an order was made by the court amending the judgment by increasing the amount thereof, on account of an error in the computation of interest when the judgment was taken, and vacating and setting aside the sale, the order con-firming the same, and the sheriff's certificate of sale.   That on the 15th day of January, 1889, being within one year from the date of the sale, respondent went to the office of the clerk of said court for the purpose of ascertaining the exact amount required to redeem said premises from said sale.   That he was then and there prepared and intended to so redeem, but was shown the said order of the court setting aside said sale, and, relying thereon, made no further effort at that time to make such redemption.   On the 29th day of January. 1889, the court made a further order, without notice to respondent, (but upon whose application, or upon what papers, the record does not disclose,) vacating and setting aside said order of Novem-ber 1, 1888, of which respondent had neither notice nor knowl-edge until the 21st day of February, 1889.   On the 30th day of

January, 1889, the sheriff made his deed of the mortgaged premises to said Sherwood as assignee as aforesaid of the certificate of sale. That, shortly thereafter, respondent gave notice to appellant that he would move the court to vacate said last-mentioned order, upon the hearing of which the same was granted, and an order made setting aside and vacating the order of January 29, 1889, and this is the order appealed from.

The respondent moved to dismiss the appeal for the reasons (1) that said order is not an appealable order; and (2) that there is no bill of exceptions in the case. This motion was presented and submitted with the briefs on the merits, and must be first disposed of. The order is clearly appealable under subdivision 2, § 5236, Comp. Laws, as affecting a substantial right, upon a summary application after judgment. The design of this provision was very evidently to secure to an aggrieved party a review of such final orders, affecting substantial rights, as could not be considered on an appeal from the judgment itself; and this is manifestly such an order. The order, made long subsequently to the rendition of the judgment, would not come up for review on appeal from the judgment, and so the statute allows an independent appeal as the only safe and convenient method for its review.

It is further urged in support of the motion to dismiss that this court cannot review the question sought to be presented, because no record of the proceedings below is made and brought up by bill of exceptions. This is correct, unless Section 5217, Comp. Laws, has obviated the necessity for a bill of exceptions in cases like this. That section is as follows: "Upon an appeal being perfected, the clerk of the court from which the appeal is taken shall, at the expense of the appellant, forthwith transmit to the supreme court, if the appeal is from a judgment, the judgment roll. If the appeal is from an order, he shall transmit the order appealed from, and the original papers used by each party on the application for the order appealed from. The court may, however, in each case direct copies to be sent in lieu of the originals. The clerk shall also in all cases transmit to the supreme court the notice of appeal,

and undertaking given thereon; and he shall annex to the papers so transmitted a certificate, under his hand and the seal of the court from which the appeal is taken, certifying that they are the original papers or copies, as the case may be, and that they are transmitted to the supreme court pursuant to such appeal. No further certificate or attestation shall be necessary." We cannot doubt that this section, so far as it relates to the review of orders made upon written evidence or "papers," as therein expressed, was intended to provide a more simple and d'rect method of bringing to the appellate court the order appealed from, together with the papers necessary for its review, and that involved in the formal settlement of a bill of exceptions. It is so held in California, under a statute similar, though not identical, with ours, (Pieper v. Land Co., 56 Cal. 173,) the only question upon which the court in that case expressed any doubt being as to how, and by whom the papers should be identified and certified; but under our statute there is no doubt, as it specifically provides that the certificates shall be made by the clerk. In this case, a bill of exceptions would only present a duplicate of the papers now before us. These papers are as fully authenticated by the certificate of the clerk as they could be by allowance by the judge in a bill. No bill of exceptions was therefore necessary, and the motion to dismiss is denied.

In his printed argument upon the merits, appellant's first point is stated thus: "The order made on November 1, 1888, increasing the amount stated in the judgment and decree, and setting aside the certificate of sale made by the sheriff, being made without notice to the defendant. Scott, or James K. O. Sherwood, was a nullity, and the order vacating said order was properly made. It may be true that such order of November 1st should only have been made on notice to both defendant, Scott, and the assignee, Sherwood, but such order was made on the application of plaintiff himself, and, whether void or simply voidable for want of notice, the plaintiff (the appellant here) cannot be heard to complain that it was error for the court to do precisely what he asked to have done. If notice was requisite, it was incumbent on him to give it, and

he is estopped from now claiming, to the detriment of others, that he had led the court into the error of granting him relief to which he was not entitled. "Especially will one be precluded from complaining of an error committed at one's own request." Bigelow, Estop. 718; Holmes v. Braidwood, 82 Mo. 610. Appellant is estopped from disowning the order, or its consequences. The effect of setting aside the sale was to relieve defendant, Scott, of the necessity of redeeming. The sale being set aside, there was nothing to redeem from. His affidavit states that he went to the clerk's office, within the redemption year after the sale, for the purpose of ascertaining the amount required to redeem, then and there prepared and intending to make such redemption, and there found the order of the court setting the sale aside. He had a right to rely and act upon this order of the court, and he says he did. See Hollinshead v. Von Glahn, 4 Minn. 190, (Gil. 131.) Afterwards, on the 29th day of January, 1889, and without notice to defendant, Scott, the court made another order "vacating and setting aside" the order of November 1st, by which the sale had been set aside; and the very next day a deed was made by the sheriff to Sherwood, assignee of the certificate of sale. Without discussing the effect of this second order vacating the order setting aside the sale, so far as Sherwood's rights are concerned under said sale, or, in general, its effect or non effect to revive and re establish the sale itself, and its conditions and consequences so as to support the sheriff's deed executed thereunder, we simply say that as between plaintiff, Bailey, and defendant, Scott, who are the only parties in this court, the plaintiff is estopped from asserting the invalidity of the orders which he has obtained from the court, especially where the effect of such claim would be to deprive defendant, Scott, of the right of redemption which the statute gives him.

Appellant further claims that the first order was a nullity, because made without notice, and therefore the court did right in vacating it by its order of January 29, 1889, but the order of January 29th was also made without notice, and the same reasoning would require the court to vacate it; and thus appellant

answers his own alleged grievance and fully justifies the order of the court which he appeals from. But, as between the parties to this appeal, certainly the orders referred to were not void. They were not even voidable as to appellant, Bailey, because, having procured them, he was bound by them; but, even if they were void, respondent, Scott, against whose interests they were directed, might still have moved the court for their vacation. Harris v. Clark, 10 How. Pr. 424. The order of the district court is affirmed. All the judges concurring.