MATTHEW CULLEN, Appellant, v. HARRY HAR-
RIS, SID COLTON, AL. LEWIS, DAN McKIN-
NON, HARRY BAKER, JAMES BARRETT and
MATTIE BARRETT, Respondents.

No. 1436.    (73 Pac. 1048.)

1.  **Appeal: Final Judgment: Orders on Motions.**
An order denying a motion to correct a judgment is not a final judg-
ment from which a separate appeal may be taken.[1].

2.  **Same: Review.**
An order denying a motion to correct a judgment may be reviewed
on appeal from the judgment, if properly preserved in the
record.[2]

(Decided October 20, 1903.)

Appeal from the Fifth District Court, Beaver County.
—*Hon. John E. Booth*, Judge.

Action by Matthew Cullen against Harry Harris
and others.  Judgment was entered for the plaintiff,
and from an order denying his motion to correct the
judgment, the plaintiff appealed.

DISMISSED.

*William F. Knox, Esq.*, for appellant.

*John W. Christian, Esq.*, and *O. A. Murdock, Esq.*,
for respondents.

MORSE, District Judge.—The plaintiff, Matthew
Cullen, commenced this action in the district court of

[1] White v. Pease, 15 Utah 172; 49 Pac. 417.
[2] Watson v. Mayberry, 15 Utah 265; 49 Pac. 479; Nelson v. Southern
Pac. Co., 15 Utah 325; 49 Pac. 644.

Beaver county, in the Fifth Judicial District, to recover from the defendants a certain mining claim. Issue was duly joined, and, when the case came on for trial, the Honorable T. Marioneaux, judge of said district, being disqualified to hear the same, the Honorable J. E. Booth, judge of the Fourth Judicial District, was requested to try said cause. The case was tried and submitted to the court on the 14th of February, 1901, and thereafter, on the 3d day of May, 1901, findings of fact and conclusions of law were duly signed and filed, and judgment entered in favor of the plaintiff. On July 1, 1901, the plaintiff filed his motion to correct certain alleged errors in the findings and judgment. This motion was argued and submitted on March 5, 1902, and by the court taken under advisement, and thereafter the following order was made and entered: "The motion of the plaintiff herein to amend the findings and decree heretofore rendered in this case came on for hearing, and, having fully considered the same, it is hereby ordered and adjudged that the said motion be denied for the reason that the court has no jurisdiction in the premises. Dated Provo, Utah, May 6, 1902. J. E. Booth, Acting Judge." From this order denying plaintiff's motion to correct the findings and judgment, this appeal is taken.

The respondents contend that this appeal should be dismissed for the reason that the order appealed from is not a final judgment. We are of the opinion that this contention is correct. Mr. Justice MINER, in delivering the opinion of this court in White v. Pease, 15 Utah 170, 172, 49 Pac. 416, 417, said: "'The judgment is this case was final. The proceeding on motion for a new trial had reference to the regularity of the judgment. The order refusing a new trial was an order confirming its finality. We are of the opinion that any errors committed by the trial court in granting or refusing to grant a new trial, and any affidavits used on said motion, if properly identified and embodied in a bill of exceptions, or otherwise properly

preserved in the record, may be reviewed on appeal from the judgment.'' So in this case the judgment was final. The proceeding to correct had reference to the regularity of the judgment. The order denying the motion was an order confirming its finality. Any **2** errors committed by the trial court in denying such motion, or want of power, if any, in making the order appealed from, could only be reviewed upon an appeal from the judgment. Watson v. Mayberry, 15 Utah 265, 49 Pac. 479; Nelson v. Southern Pacific Co., 15 Utah 325, 49 Pac. 644.

This appeal is therefore dismissed, with costs.

BASKIN, C. J., and BARTCH, J., concur.