## Lucas, et al. v. Stanley.

(Decided September 30, 1919.)

## Appeal from the Laurel Circuit Court.

1. Infants—Judgment—Opening and Vacating in General.—Under Civil Code, sections 391-518, subsection 8, a judgment rendered against an infant, may be vacated on his application before, or within twelve months after, his arrival at twenty-one years of age. The judgment may be vacated on motion, supported by affidavits or other proof of his infancy, if made during the term at which it is rendered, as allowed by Civil Code, sections 340-342. If it is sought to vacate the judgment after the term the application must be within the time prescribed by section 391, on the ground provided by section 518, subsection 8, and by petition, verified by affidavit, and such further proceedings as are prescribed by section 520.

2. Infants—Judgment—Opening and Vacating in General.—As infants, their property and' rights, are under the special care of courts of equity, they have the right at any time within the period prescribed by section 391 of the Code, to apply to such courts to vacate any judgment by which injustice has been done them, without relying upon any other ground than that of their infancy at the time of the rendition of the judgment

3. Infants—Judgment—Opening and Vacating in General.—The fact that the infant may by a mere motion, supported by affidavit, made after the term of its rendition, have attempted to have vacated a judgment rendered against him while an infant and been refused the relief thus sought, will not bar his right to subsequently and at any time within twelve months after his arrival at twenty-one years of age, obtain its vacation as allowed by section 518, subsection 8, and section 520 Civil Code.

GEORGE G. BROCK for appellants.

B. G. REAMS and B. F. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Laurel circuit court granting the appellee, Bibb Stanley, a new trial, vacating as to him the judgment rendered at a previous term against him and others for the amount of a note of $528.00, and accrued interest, upon which they were sued in that court by the appellants, D. B. and James Lucas, and discharging him from liability thereon, because of his alleged infancy at the time of the execution of the note and when the judgment was rendered.

This action was instituted by appellee, September 19, 1917, under the provisions of the Civil Code, contained in sections 391. 518, subsections 7 and 8. Section 391 provides:

"An infant—other than a married woman—may, within twelve months after attaining the age of twenty-one years, show cause against a judgment, unless it be for a tort done by, or for necessaries furnished to, the infant; or unless it be rendered upon a set off or counter-claim stated in an answer; but the vacation of such judgment shall not affect the title of a *bona fide* purchaser under it."

Section 518 confers upon the court rendering the judgment power, after the expiration of the term, to vacate or modify it upon any of the grounds set forth in subsections 1 to 8 inclusive; the ground prescribed by subsection 7 being "unavoidable casualty or misfortune, preventing the party from appearing or defending;" that of subsection 8 "for errors in a judgment, shown by an infant within twelve months after arriving at full age, as is prescribed in section 391."

Civil Code, section 520 provides:

"The proceedings to vacate or modify the judgment on the grounds mentioned in subsections 4, 5, 6, 7 and 8 of section 518, shall be by petition verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action if the party applying was defendant. On the petition the proceedings shall be the same as those in the action in which the judgment was rendered."

As after the term at which it is rendered a judgment cannot on motion of the party complaining thereof be vacated on the ground of infancy as authorized by sec-

tion 391, the only remedy for vacating it after the term on the ground specified in that section, is provided by section 518; and under that section the proceedings to obtain its vacation must, as we have seen, be by petition verified by affidavit as further provided by section 520. And this is the remedy to which appellee resorted in this case. But as section 521, Civil Code, forbids the vacation of a judgment, either on motion or by petition, "until it be adjudged that there is a valid defense to the action in which the judgment is rendered," . . . it becomes necessary to determine whether the allegations of his petition verified by affidavit and the evidence introduced in support thereof, entitled him to the relief granted by the judgment of the circuit court.

The following facts are alleged in the petition and established by the evidence. The action in which judgment was obtained by appellants against appellee was instituted July 11th, 1916. The note sued on was for $528.00, of date October 13, 1915, and payable May 1, 1916, to the appellants, D. E. and James Lucas, with six per cent interest from date. The names appearing to the note as obligors in the order named are John Stanley, Joe Stanley and Bibb Stanley (appellee). John Stanley is the father and Joe Stanley a brother of appellee. Summons was issued on the petition against all the obligors when it was filed and thereafter duly executed on appellee and John Stanley, but returned as to Joe Stanley "not found." On November 24, 1916, and during the October term 1916 of the Laurel circuit court a default judgment was rendered in the action against appellee and his father in favor of appellants for the amount of the note sued on and costs, and the case continued with an alias summons as to Joe Stanley.

The grounds urged in the petition in the present action for vacating this judgment and the granting to appellee of a new trial, are (1) that by unavoidable casualty and misfortune he was prevented from making defense to the action; (2) that the note in question imposed upon him no legal liability and was and is in fact void as to him, because he was an infant under twenty-one years of age at the time of its execution and when judgment was rendered against him thereon. As to the first of these grounds the averment of the petition is that the casualty and misfortune which prevented him from making his

defense of infancy to the action on the note, resulted from the failure of two attorneys, employed and paid by him for that purpose, to prepare and file for him an answer setting up his defense. It is sufficient to say that the petition alleges no duty the attorneys were employed to perform in appellee's behalf, other than that of preparing and filing his answer. If they had performed this service for him, he might nevertheless have been unable to make his defense in the absence of counsel to conduct his defense on the trial. No effort on his part to attend the trial, or secure other counsel was alleged, or complaint made that he might or could not have done so; and what was alleged as to the failure of the counsel employed to prepare and file his answer, is unsupported by proof and amounts to little more than a charge of negligence, which, if true, should be imputed to him. Manifestly, the alleged casualty and misfortune relied on by appellee did not entitle him to the relief prayed in his petition.

However, this cannot be said of the second ground of relief alleged in the petition. If he was under twenty-one years of age when the note to which his name appears was executed and when judgment was rendered thereon against him, those facts of themselves entitled him to all the relief sought in this action, provided the action was instituted within twelve months after his arrival at twenty-one years of age. In Allen, etc. v. Troutman's Heirs, 10 Bush 61, we held that as infants, their property and rights are under the special care and protection of courts of equity, they have the right at any time within the period prescribed by section 421 (now section 391) of the Code to apply to such courts to vacate any judgment or final order by which injustice has been done them. "They need not over diligence in the preparation of their defense to the action, nor the discovery of testimony, nor in fact any of the special grounds for which new trials may be granted to adults. It is enough that they were infants at the time of the rendition of the judgment, and that it is unjust according to the facts presented by them, and that they apply for relief within the prescribed time. (Newland v. Gentry, 18 B. Mon. 670.)"

According to the great weight of the evidence, furnished mainly by the father and mother of appellee and uncontradicted in any material particular by other evidence, appellee was born January 22, 1896, and did not

therefore become twenty-one years of age until January 22, 1917. Consequently he was about three months less than twenty years of age on October 13, 1915, the date of the execution of the note, and about two months less than twenty-one years of age on November 24, 1916, the date of the rendition of the judgment against him on the note. It is equally clear from the evidence that this action in which appellee obtained the relief granted by the judgment appealed from, was instituted September 19, 1917, and within twelve months after he attained the age of twenty-one years.

The answer of appellants to the petition put in direct issue the question of appellee's age and by an amended answer, later offered to be filed, they alleged that on June 2, 1917, and after their recovery of the judgment against him on the note, the appellee, following notice thereof to appellants, filed in the court below a motion to vacate the judgment appellants had obtained against him on the note and for a new trial in the action, which motion was based on the ground of his alleged infancy at the time of the execution of the note and when the judgment against him therein was rendered; and that appellee filed in support of the motion his affidavit setting forth the facts mentioned, but that the circuit court overruled the motion and entered an order in conformity to such ruling. This action of the court and the order manifesting it, the amended answer pleaded in bar of the present action. The motion of appellants to file the amended answer was overruled by the circuit court, to which they excepted, but the pleading was made a part of the record for the purpose of obtaining on this appeal a review of the court's ruling in rejecting it. It is insisted for appellants that they were greatly prejudiced by the rejection of the amended answer. This contention is without support from the law. It is not material that appellee was twenty-one years of age when the motion in question was made. He had the right before he became twenty-one, or at any time within twelve months after reaching that age, to obtain the vacation of the judgment against him by proper proceedings instituted for that purpose, but he could not do so by motion as attempted and when made by him. As the motion was not made during the term of the court at which the erroneous judgment was entered, but at a subsequent term,

the court was without jurisdiction to sustain it. This being true the order of the court overruling the motion did not prevent appellee from instituting by petition the subsequent and present action to obtain the vacation of the judgment. Indeed, it afforded the only remedy open to him. Leavell, etc. v. Carter, 123 Ky. 459. He was not, as contended by appellants bound to appeal from the order of the circuit court overruling the motion. As the error in the judgment sought to be corrected by the motion did not appear in the record, an appeal did not lie. Civil Code, section 514. The amended answer offered to be filed by appellants was properly rejected by the court.

Judgment affirmed.