326 P.2d 672

KIRTLAND HEIGHTS, INC., a Corporation, Plaintiff-Appellee,

v.

BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, New Mexico, Joe R. Gault, Commissioner No. 1, Bernalillo County, New Mexico, Melvin O'Neal, Commissioner No. 2, Bernalillo County, New Mexico, Fred Mackey, Commissioner No. 3, Bernalillo County, New Mexico, Edna Monahan, County Treasurer of Bernalillo County, New Mexico, Daniel O'Bannon, County Assessor of Bernalillo County, New Mexico, State Tax Commission of the State of New Mexico, Defendants-Appellants.

No. 6367.

Supreme Court of New Mexico.

June 4, 1958.

180

Fred M. Standley, Atty. Gen., Alfred P. Whittaker, Asst. Atty. Gen., Paul W. Robinson, Dist. Atty., Bernalillo County, and Sp. Asst. Atty. Gen., Albuquerque, for appellants.

W. A. Keleher, T. B. Keleher, Albuquerque, for appellee.

COMPTON, Justice.

We deem the main question to be whether a lessee's interest in a so-called Wherry Military Housing Project, situated on government land, is subject to taxation by the State.

Appellee, a corporation, is engaged in constructing houses for rent or sale. On March 2, 1951, appellee entered into a contract with the Secretary of the Army to lease 98.18 acres of land, a part of Kirtland Air Force Base, to construct a housing project. The lease was approved by the Department of Army and by the Federal Housing Commissioner. The lease bears a consideration of $100 and is for a term of 75 years, and provides that upon expiration, or earlier termination, all improvements made upon the leased premises shall remain the property of the Government.

In 1955, appellee brought an action for a declaratory judgment that its property is exempt from an ad valorem tax by the State or any of its political subdivisions. Upon the hearing, the court concluded that since Kirtland Air Force Base is a

Federal Reservation, that appellee's leasehold interest was not taxable. The pertinent portion of the judgment reads:

"Wherefore, It Is Ordered, Adjudged and Decreed: That the defendants and each of them, and their successors and each of them, shall place said property on the tax rolls, but that all of such real property shall be exempt from the assessment of ad valorem taxes by the State of New Mexico and all of its political subdivisions so long as said land is owned by the United States of America and that the plaintiff, as lessee of said land, and its successors and assigns, shall also be exempt from assessment of ad valorem taxes so long as said land is owned by the United States of America, and that such exemption shall continue so long as the realty and improvements lie exclusively within the confines of Kirtland Air Force Base, in Bernalillo County, New Mexico, a Federal Reservation."

Subsequently, on February 8, 1957, appellants moved to vacate that portion of the judgment which exempts the property from assessment and payment of ad valorem taxes. The motion was denied and this appeal is from the order denying the motion.

A jurisdictional question, preliminary to a consideration on the merit, must be resolved. Appellee urges that the 1955 judgment became final and that this Court, therefore, is without jurisdiction to determine the question presented, citing Section 21-2-1(5), 1953 Compilation, our Rule 5(1), as authority. While this well recognized rule has its place in our jurisprudence, nevertheless, a party may be relieved from a final judgment. Section 21-1-1(60) (b) (5), 1953 Compilation, our Rule 60(b) (5). The Rule provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, *or it is no longer equitable that the judgment should have prospective application*; * * *" (Emphasis ours.)

The jurisdictional challenge must be rejected. As to finality of judgments relating to tax matters, compare Town of Atrisco v. Monohan, 56 N.M. 70, 240 P.2d 216; Santa Rita Oil & Gas Co. v. State Board of Equalization, 112 Mont. 359, 116 P.2d 1012, 136 A.L.R. 757.

On the merits, it is obvious that the trial court rested its judgment on the doctrine of sovereign immunity from taxation; however, since the entry of the judgment, the United States Supreme Court, in construing the Military Leasing Act (10 U.S.C. §

1270 [1]) and the National Housing Act, (P. L. 211, 81st Cong.), as amended, 12 U.S.C.A. Section 1748d, has held that consent had been given to local authorities to assess such a lessee's interest. Offutt Housing Co. v. Sarpy County, 351 U.S. 253, 76 S.Ct. 814, 100 L.Ed. 1151, Id., 160 Neb. 320, 70 N.W. 2d 382. Notwithstanding former decisions of the United States Supreme Court, the Offutt case effectively curtails the doctrine of sovereign immunity as to permit a lessee's interest to be taxed.

█ Congress thus having explicitly removed the bar of sovereign immunity as it applied to property belonging to the United States, the immunity granted the Federal Government by Article VIII, Section 3 and Article XXI, Section 2, New Mexico Constitution, clearly is not available to appellee. It is his interest that is subject to taxation.

Section 6 of the Military Leasing Act provides:

"The lessee's interest, made or created pursuant to the provisions of this Act, shall be made subject to State or local taxation. Any lease of property authorized under the provisions of this Act shall contain a provision that if and to the extent that such property is made taxable by State and local governments by Act of Congress, in such event the terms of such lease shall be renegotiated." 61 Stat. 775.

Appellee contends that we have no statute subjecting a lessee's interest in such housing projects to local taxation. There is a ready answer. All property, real, personal and intangible, is subject to taxation, unless specifically exempted. Section 72–1–1, 1953 Compilation, New Mexico Statutes; Article 8, Section 3, New Mexico Constitution.

The order denying the motion must be reversed and remanded to the trial court for further proceedings not inconsistent herewith.

It Is So Ordered.

LUJAN, C. J., and SADLER, McGHEE and SHILLINGLAW, JJ., concur.