334 P.2d 713

**PUBLIC SERVICE COMPANY of NEW MEXICO, a New Mexico Corporation, Petitioner,**

v.

**The FIRST JUDICIAL DISTRICT COURT IN AND FOR the COUNTY OF SANTA FE, DIVISION I, Garnett R. Burks, District Judge, Acting by Designation in the Absence of David W. Carmody, Judge, Respondent.**

No. 6415.

Supreme Court of New Mexico.

Jan. 9, 1959.

C. R. McIntosh, Santa Fe, Keleher & McLeod, Albuquerque, for petitioner.

Bigbee & Stephenson, Harl D. Byrd, Santa Fe, for respondent.

PER CURIAM.

Upon a consideration of the motion for a rehearing the opinion heretofore filed is withdrawn and the following is substituted:

McGHEE, Justice.

Plaintiff, G. & G. Gardens, Inc., filed a complaint in two counts against the Public Service Company of New Mexico, defendant and petitioner herein, in the District Court of Santa Fe County. A final judgment in favor of the plaintiff was entered on both counts, the first being a money judgment based on a jury verdict and the second being an injunction decree.

The case is here on an alternative writ of mandamus arising out of the action of the district judge in vacating defendant's appeal from the final judgment and from orders denying motions for a new trial as to the jury verdict and for a modification of the injunction decree. The pertinent facts in chronological order are as follows:

January 15, 1958 — Final judgment entered by district court.

January 24, 1958 — Motion for new trial as to the jury verdict and motion to amend the injunction decree filed, the ninth day subsequent to the entry of final judgment and within the ten day limit after entry of judgment as required by § 21–1–1 (59(b), 59(e) N. M.S.A. 1953.

January 30, 1958 — Trial judge advised petitioner that its motions would be denied, the fifteenth day subsequent to the entry of final judgment.

February 18, 1958 — Orders overruling the motions for new trial and to amend the decree entered, the thirty-fourth day subsequent to the entry of final judgment and the twenty-fifth day subsequent to the filing of the motions.

March 17, 1958 — Motion for appeal from both the final judgment and the orders denying the motions filed, the sixty-first day subsequent to the entry of final judgment and the twenty-seventh day subsequent to the entry of order denying the motions.

March 18, 1958 — Order allowing the appeal with supersedeas entered by District Judge J. V. Gallegos, sitting by designation in the absence of District Judge David W. Carmody, who tried the case, the sixty-second day subsequent to the entry of final judgment and the twenty-eighth day subsequent to the entry of orders denying the motions.

March 20, 1958 — Motion to dismiss the appeal on the ground that it was untimely, and in the alternative to dismiss the appeal as to the final judgment, leaving only the motions for appeal.

March 25, 1958 — Motion to dismiss the appeal sustained by District Judge Garnett R. Burks, sitting by designation in the absence of District Judge David W. Carmody, on the ground that the filing of the motions for new trial and to amend the decree did not affect the finality of the judgment nor toll the running of the period within which an appeal could be granted and therefore the order granting the appeal was not filed within the thirty days after entry of final judgment.

— Order also dismissed the appeal from the orders overruling the motions.

Petitioner now seeks the issuance of a peremptory writ of mandamus directing the district court to vacate the order of Judge Burks setting aside the order of Judge Gallegos granting an appeal and to reinstate that order allowing an appeal to this Court from both the final judgment and the orders overruling the motions for a new trial and to amend the injunction decree.

Petitioner first contends that the timely filing of a motion for new trial suspends the finality of the judgment so that the time for taking an appeal from the judgment does not begin to run until the motion has been decided, and thus, the appeal here, taken within thirty days after the decision on the motions, was timely.

This contention is without merit. We held in a recent opinion, for reasons there announced, that a successful movant against a judgment entered on a jury verdict was entitled to have the time for taking an appeal tolled, pending a decision on the motion. Scofield v. J. W. Jones Construction Co., 1958, 64 N.M. 319, 328 P.2d 389, 392. In King v. McElroy, 1933, 37 N.M. 238, 21 P.2d 80, a non-jury case, we stated that an unsuccessful movant against a judgment should not be given the benefit of the time which would elapse between the filing of his motion and a ruling thereon in computing the time he had in which to take an appeal. Here, the petitioner was unsuccessful in its attack on the judgment and thus, the appeal from the final judgment, taken on the sixty-first day subsequent to its entry, was not timely under our procedure. For an opinion considering this same issue under a six-month appeal period provision and reaching an opposite result see Trowell v. Diamond Supply Co., 1952, 8 Terry 422, 47 Del. 422, 91 A.2d 797.

The sole issue thus presented is whether one may appeal from an order denying timely motions for a new trial and to amend a final injunction decree though the appeal from the final judgment is not timely. Petitioner contends such orders come within the provisions of Supreme Court Rule 5 (2), § 21–2–1(5) (2) N.M.S.A., 1953, as amended, the material portion of which reads as follows:

"2. * * * Appeals shall also be allowed by the district court, and entertained by the Supreme Court, from all final orders affecting a substantial right made after the entry of final judgment.

*    *    *    *    *    *

"Application for allowance of appeal under the provisions of this section must be made within thirty [30] days from the entry of the judgment, order, decision, or conviction appealed from."

If so, the appeal was timely since the motion for appeal from the orders was filed on the twenty-seventh day following the denial of the motions.

We first consider the appealability of the denial of a motion for a new trial.

Although petitioner has referred us to several New Mexico cases construing the statute none of them deal with an appeal from an order denying a motion for new trial. The cases of Jordan v. Jordan, 1923, 29 N.M. 95, 218 P. 1035; Singleton v. Sanabrea, 1930, 35 N.M. 205, 292 P. 6; Kerr v. Southwest Fluorite Co., 1930, 35 N.M. 232, 294 P. 324, and Hoover v. City of Albuquerque, 1952, 56 N.M. 525, 245 P.2d 1038, all involved appeals from orders vacating or setting aside the final judgment, and in this sense the final judgment had been modified by subsequent action of the district court.

King v. McElroy, supra, also is not in point on this question. Although Justice Bickley, 37 N.M. at page 242, 21 P.2d at page 82, apparently regarded the trial court's ruling in denying a motion to set aside a judgment as within Supreme Court Rule 5(2), no appeal was taken from the order.

In Gutierrez v. Brady, 1941, 45 N.M. 209, 113 P.2d 585, the court was concerned with a writ of error from an order denying a motion to vacate a judgment in favor of defendant upon grounds of newly discovered evidence. In dismissing the writ of error on motion, the real question decided by the court was that the petition for writ of error was not timely brought even though

the order be considered one affecting a substantial right within the meaning of the statute, a matter not decided by the court. It is, however, settled that a motion for a new trial on grounds of newly discovered evidence presents a somewhat different question than a motion for a new trial based on alleged erroneous instructions and rulings on matters presented to the trial court in the first instance. See, Barrett v. Smith, 1931, 183 Minn. 431, 237 N.W. 15, 18, citing Worrlein v. Maier, 1929, 177 Minn. 474, 225 N.W. 399; Peterman v. Indian Motorcycle Co., 1 Cir., 1954, 216 F.2d 289, 291; Macartney v. Shipherd, 1911, 60 Or. 133, 117 P. 814, 816, Ann.Cas. 1913D, 1257; Cf. Kirtland Heights, Inc. v. Board of County Commissioners, 1958, 64 N.M. 179, 326 P.2d 672; Rules of Civil Procedure 59(a) and 60(b). This, however, is a question we do not decide except for purposes of distinguishing the Gutierrez case.

Here, decision on the motion required nothing more than a reconsideration of the merits presented to the district judge before entry of final judgment as appears from the trial court finding of fact number 22 which is not attacked. The motion for new trial was directed to the money judgment and in substance rested on the contention that the jury verdict was excessive due to an alleged erroneous application by the jury of an instruction relating to the computation of damages, an alleged disre-

gard of certain evidence by it, and the action of the court in failing to adjust the jury's award for the value of the water right adjudged by the court to be retained by the respondent. Further, petitioner contended that the court erred in overruling its various motions during the trial and in striking certain of its defenses at the close of the pleadings.

Since the precise point **presented** has not heretofore been decided in New Mexico, we have looked to other jurisdictions to ascertain some of the guiding principles.

Respondent has referred us to numerous federal court decisions where the generally accepted doctrine is that the appeal should be taken from the judgment itself and that an appeal will not lie from an order after judgment denying a motion for a new trial. 6 Moore's Federal Practice 3892, § 59.15 (2d ed. 1953) and cases cited therein.

Although analogous, the federal decisions are not squarely in point in that in essence they rest on a determination that such an order is not a final decision within the meaning of the federal statutes. For example, see 28 U.S.C. § 1291; Peterman v. Indian Motorcycle Co., supra. Furthermore, a timely motion for a new trial in the federal courts suspends the finality of the judgment until a decision on the motion has been rendered.

Among the state jurisdictions it is uniformly held that an order after verdict and judgment denying a motion for new trial is not appealable unless it expressly or by reasonable construction comes within a provision of the state constitution or statutes since the right of appeal is not an inherent or inalienable right but depends upon constitutional or statutory authority. Jordan v. Jordan, 1923, 29 N.M. 95, 97–98, 218 P. 1035, 1036; Trowell v. Diamond Supply Co., supra; see, 4 C.J.S. Appeal and Error § 123 for a rundown of the various state jurisdictions and their rules.

For purposes of illustration we quote from two state decisions which seem squarely in point with the question presented here and illustrate what we believe to be the controlling principles in this jurisdiction. Macartney v. Shipherd, 1911, 60 Or. 133, 117 P. 814, 815, and Wilge v. Cropp, 1932, 74 S.D. 511, 54 N.W.2d 568, 569.

In Macartney v. Shipherd [60 Or. 133, 117 P. 815] defendant filed a notice of appeal from both the judgment for plaintiff and the order overruling his motion for a new trial on the grounds of alleged errors committed by the court during the trial and alleged insufficiency of the evidence to justify the verdict. The period of six months from rendition of the judgment for taking an appeal had, however, expired before filing the notice of appeal, precisely the same situation here. In dismissing the appeal, the court construed a statute similar to ours defining a judgment for purposes of appeal as follows:

" * * * a final order affecting a substantial right and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree." L.O.L. § 548.

In interpreting this provision, the court stated:

"Until the amendment * * * the rule was uniform, * * * that an order granting or refusing a new trial was not appealable. By the amendment the principle established by this long course of decisions was not abrogated or changed with respect to an order denying a motion for a new trial. The amendment in that respect applied only to an order setting aside a judgment and granting a new trial. Within the principle that an appeal is not a matter of right, but depends upon the statute, the amendment cannot be expanded beyond its terms so as to include in the present instance the order denying such a motion. * * * The order denying the motion does not affect the judgment or the rights of either party under the judgment. It is simply the adherence of the court to its former ruling. The rights of the parties are determined by the judgment, and are not affected one way or the other by the refusal of the court to allow the motion. Hence,

* * * the denial of a motion for a new trial does not furnish ground for appeal."

In Wilge v. Cropp [74 S.Dak. 511, 54 N.W.2d 569] the denial order was entered before the time for appeal from the judgment had expired. The court was concerned in part with a statutory provision allowing appeals from

"(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment." S.D.C. 33.0701.

The court there stated:

"In Bailey v. Scott, 1 S.D. 337, 47 N.W. 286, 287, this court said with reference to the language of subsection (4) above, * * * : 'The design of this provision was very evidently to secure to an aggrieved party a review of such final orders, affecting substantial rights, as could not be considered on an appeal from the judgment itself'. We adhere to this interpretation. All the matters that appellant seeks to have reviewed in this appeal from the order denying the new trial could have been reviewed in an appeal from the judgment. Under such circumstances the order denying the new trial did not affect appellant's rights at all. Manifestly therefore the order denying the motion for a new

trial is not appealable under the test of the language quoted from Bailey v. Scott, supra."

See also, In re Blankenbaker's Estate, 1939, 108 Mont. 383, 91 P.2d 401; Woods v. Cantrell, 1947, 356 Mo. 194, 201 S.W.2d 311; In re Sullivan's Estate, 1941, 112 Mont. 519, 118 P.2d 383; Trowell v. Diamond Supply Co., 1952, 8 Terry 422, 47 Del. 422, 432, 91 A.2d 797, 802.

██ We have carefully reviewed our research notes and the cases cited in the briefs on the motion for rehearing and believe we have reached the correct result, notwithstanding this precise situation could never occur in many jurisdictions because they have statutes or rules expressly providing for an appeal from an order denying a new trial, or the time for appeal begins running from the date of the decision on the motion, or the motion if not acted upon is deemed denied within the period for taking an appeal from the final judgment, or a motion for new trial is made a prerequisite to the taking of an appeal, or the proceedings on the motion are regarded as in the nature of a suit and the judgment entered thereon a final judgment. None of these situations prevail in New Mexico and so we have only decided, in accord with the weight of authority, that an order denying a motion for new trial is ordinarily not an appealable order.

We next consider the appealability of the motion to amend the final decree en-joining the petitioner from pumping its well so as to prevent the respondent from obtaining from its well "at least forty (40) gallons of water per minute during [a seven month period] or 37.8 acre feet during said period". The motion sought the addition to the decree of the number of acres of land and the description thereof upon which the respondent would be entitled to apply the water retained.

Evidently the petitioner sought a decree that the retained water rights were appurtenant to less than the 24.2 acres of land or in some way their use limited so that petitioner would have some means of checking on the use of the water by respondent other than solely by the amount pumped out. All the decree did, however, was to reduce the amount of water respondent could beneficially apply to his 24.2 acres of land.

In support of its contention that the denial of this motion is an appealable order petitioner cites us to Alamogordo Improvement Co. v. Palmer, 1923, 28 N.M. 590, 216 P. 686. An examination of that case, however, reveals that it is not in point. First, the appeal from the order denying the motion to correct a mistake in the modified decree was held untimely, notwithstanding that such order be considered one affecting a substantial right. Second, the court only had to distinguish the denial order from a final judgment which by statute had a longer return day for appeal purposes. Third,

the motion was one to correct a mistake in a modified decree by including the name of a party allegedly omitted by oversight and inadvertence of the court, so as to make it conform to what was evidently intended in the decree. The opinion is not clear as to the grounds on which the motion was denied by the trial court, but, as pointed out, the issue presented by the motion was not whether the omitted party was entitled to an award of a water right but whether he had been omitted from the decree by oversight or inadvertence of the court, so that apparently relief was denied either because the court felt it had lost jurisdiction of the judgment because the motion was filed over one year after entrance of the modified decree or because it felt it had made no mistake in the decree. Cf. Rules of Civil Procedure 60(a) and (b).

The Alamogordo case seems consistent with the principle that where the court refuses to correct mistakes in a judgment due to clerical inadvertence or clerical misprision, an appeal from the denial order is appropriate. Co-Wok-Ochee v. Chapman, 1919, 76 Okl. 1, 183 P. 610; Lucas v. Stanley, 1919, 185 Ky. 221, 215 S.W. 38; Bryan v. Reynolds, 1956, 143 Conn. 456, 123 A.2d 192.

Here, however, the motion was directed to matters behind the decree and the granting of it would have had the effect of changing the decree by placing a limitation, perhaps, on the use of the water right retained by the respondent. The basis of the motion was not that the court intended to limit the water right to specific land, but rather, in petitioner's opinion, the court should have so limited it. Relief was denied on the basis that the merits had been previously considered.

■ As a general rule, where an appeal may properly be taken from a judgment, order or decree, but has not been taken, a subsequent order refusing to amend or modify the judgment, order, or decree is not appealable. Beach v. Spokane Ranch Co., 1898, 21 Mont. 7, 52 P. 560, 561; Worrlein v. Maier, 1929, 177 Minn. 474, 225 N.W. 399; 4 C.J.S. Appeal and Error § 131, p. 412. The denial order merely confirms the finality of the judgment and any errors committed in the refusal of the motion by the trial court may be reviewed on appeal from the judgment. Cullen v. Harris, 1903, 27 Utah 4, 73 P. 1048; Griess v. State Inv. & Ins. Co., 1892, 93 Cal. 411, 28 P. 1041; Kline v. Murray, 1927, 79 Mont. 530, 257 P. 465; Leonard v. Hoppins, 1948, 121 Mont. 275, 191 P.2d 990; Cohen v. Holmes, D.C.Mun.App.1954, 106 A.2d 147; Wood v. City of Birmingham, 1945, 247 Ala. 15, 22 So.2d 331; Woods v. Cantrell, 1947, 356 Mo. 194, 201 S.W.2d 311; cf. Nelson v. Auman, 1945, 221 Minn. 46, 20 N.W.2d 702.

194

Here the motion was really in the nature of a motion for a new trial since it sought to have the trial judge reconsider a matter already decided before entry of the final judgment. Cf. Cohen v. Holmes, cited above. Hence, much that has been said concerning denial of a motion for a new trial also applies here.

In view of what has been stated above and the cases read, no valid reason occurs to the writer as to how a denial of motions for a new trial and to amend the decree which are based on evidence presented to the trial court and subject to review by this court on an appeal from the final judgment itself can be considered final orders affecting a substantial right entered after final judgment.

■ In their nature such orders are final orders, but nothing is changed by them. The denial is simply an adherence to the court's original position. Furthermore, there is no reason in New Mexico why an appeal may not be prosecuted from the judgment itself, notwithstanding pending motions for a new trial and to amend the decree, since under our practice, the judgment is final until modified so as to affect a substantial right. It may be said that for such purposes there is a dual jurisdiction vested in both the district court and the supreme court. See, Fairchild v. United Service Corp., 1948, 52 N.M. 289, 197 P.2d 875; Miller v. Prout, 1920, 32 Idaho 728, 187 P. 948; § 21–9–1, N.M.S.A.1953.

We see no injustice to the petitioner in requiring it to follow this procedure since the trial court advised it fifteen days after entry of final judgment that its motions would be denied.

It should be noted again that not only could the questions raised by the motions have been presented to the trial court before entry of final judgment, but also we have an undisputed finding (Finding of Fact No. 22) by Judge Burks that the matters on which these motions were based were previously presented to and considered by Judge Carmody, the trial judge.

■ We thus conclude that the denial of motions for a new trial and to amend a final injunction decree based on matters which can be reviewed by this court on an appeal from the final judgment itself are not final orders affecting a substantial right within the meaning of Supreme Court Rule 5(2) and therefore are not appealable orders.

By virtue of § 21–2–1(20) (3) N.M.S.A. 1953, it is not necessary to file a motion for a new trial in any cause in order to preserve for review errors committed by the trial court, so the contention of the petitioner that such motion was filed so that the question of the excessiveness of the verdict could be reviewed is without merit since it is based on evidence presented to the trial court.

■ As we are without jurisdiction to entertain an appeal which is not timely

taken from the judgment, Breithaupt v. State, 1953, 57 N.M. 46, 253 P.2d 585, we do not decide petitioner's contention that its supersedeas bond was timely and properly filed.

Therefore, the alternative writ of mandamus will be quashed and the motion for a rehearing is denied.

It is so ordered.

SADLER and COMPTON, JJ., concur.

LUJAN, C. J., and CARMODY, J., not participating.