## WILGE et al., Appellants, v. CROPP, Respondent

(54 N. W.2d 568)

(File No. 9301. Opinion filed August 25, 1952)

**Hitchcock, Nichol & Lassegard,** Mitchell, for Plaintiff and Appellant.

**David M. Rogers,** Mitchell, for Defendant and Respondent.

LEEDOM, J.   Respondent has moved to dismiss this appeal.

A jury in the municipal court of the city of Mitchell rendered a verdict against the plaintiff who now seeks to appeal from an order entered by the municipal court denying plaintiff's separate motions for a new trial and for a judgment notwithstanding the verdict.   The order denying plaintiff's motions was made after judgment had been entered for defendant but before the time for appeal from the judgment had expired.   Defendant contends that the order is not appealable either as to denial of the new trial or as to denial of the judgment n. o. v.   We so hold.

SDC 33.0701 enumerates the orders from which appeals may be taken to this court.   This section is a revision of § 3168 Rev.Code 1919.   This court has repeatedly held that an appeal cannot be taken from an order unless it is author-

ized by this section. See Hall v. City of Belle Fourche, 67 S. D. 435, 293 N.W. 631. Subsection 3 of § 3168 of the 1919 Code specifically authorized an appeal from an order granting **or denying** a new trial. In SDC 33.0701 however the order **denying** a new trial has been removed from the list of appealable orders; but such an order is specifically reviewable in an appeal from a judgment under SDC 33.0710. Changes in the rules of appellate procedure made with the enactment of the 1939 code liberalized appeals by extending the scope of the review in an appeal from a judgment. Such changes also accelerated the judicial process by preventing appeals from intermediate orders. The purposes of the changes can be achieved only by reasonably close adherence to the rules.

Notwithstanding the fact that the order **denying** a new trial has been removed from the list of appealable orders in SDC 33.0701 appellant contends that both an order denying a new trial and an order denying a motion for judgment, notwithstanding the verdict, when entered after the judgment, are appealable under the non-specific language of subsections (2) and (4) of SDC 33.0701. These subsections provide for appeals from: "(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken; * * * (4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment".

Clearly orders denying a new trial and a motion for judgment n. o. v. even though entered after the judgment in the case, do not meet the requirements of subsection (2). Neither of such orders "prevents a judgment from which an appeal might be taken" because the judgment in such circumstances has already been entered and an appeal can of course be taken from the judgment.

This leaves only the question as to whether or not such orders can be held appealable under subsection (4) above. As to an order denying a motion for judgment n. o. v. this court has held that an appeal was not authorized by any of the provisions of § 3168 Rev.Code 1919. Severin v. Medearis, 46 S. D. 408, 193 N.W. 138. The language of sub-

section (4) above is exactly the same language so construed and that appeared as subsection 2 of § 3168. This disposes of appellant's contention as to the denial of the judgment n. o. v.

■ In Bailey v. Scott, 1 S. D. 337, 47 N.W. 286, 287, this court said with reference to the language of subsection (4) above, which at the time of the decision was denominated as subdivision 2, § 5236 Comp.Laws: "The design of this provision was very evidently to secure to an aggrieved party a review of such final orders, affecting substantial rights, as could not be considered on an appeal from the judgment itself". We adhere to this interpretation. All the matters that appellant seeks to have reviewed in this appeal from the order denying the new trial could have been reviewed in an appeal from the judgment. Under such circumstances the order denying the new trial did not affect appellant's rights at all. Manifestly therefore the order denying the motion for a new trial is not appealable under the test of the language quoted from Bailey v. Scott, supra.

[4] Appellant also contends that SDC 33.1705 as amended authorizes by implication an appeal from an order denying a new trial. As we have stated above however, the right to appeal depends on the authority of SDC 33.0701. The reference in SDC 33.1705 to "a review of an order denying a new trial" clearly appears to deal with the power of this court in event of such review rather than any right to appeal to this court; and such reference, construed with the other language of the section, quite clearly implies to us that our review of an order denying a new trial is not in a direct appeal from such order as in the case of an appeal from an order granting a new trial.

The appeal is dismissed.

All the Judges concur.