IVERSEN, Appellant v. TERRIERE et al., Respondents

(93 N.W.2d 571)

(File No. 9687. Opinion filed December 22, 1958)

**Dudley R. Herman,** Gregory, for Plaintiff and Appellant.

**Martens, Goldsmith & May,** Pierre, for Defendant and Respondent, Dick Williams.

PER CURIAM. This action was instituted under SDC 37.15 to determine adverse claims to real estate. Long after the trial was completed, but before judgment was entered, the court entered an order allowing the defendant Dick Williams to file an amended answer. From that order, the plaintiff has attempted to appeal.

The orders which are appealable to this court are enumerated in SDC 33.0701 in words as follows:

"(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

"(3) An order granting a new trial;

"(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment;

"(5) An order which grants, refuses, continues, dissolves, or modifies any of the remedies of arrest and bail, claim and delivery, injunction, attachment, garnishment, receivership, or deposit in court;

"(6) Any other intermediate order made before trial, any appeal under this subdivision, however, being not a matter of right but of sound judicial discretion, and to be allowed by the Supreme Court in the manner provided by rules of such Court * *."

Obviously the order under consideration is not among those orders enumerated in subsections (2), (3), (4) and (5) supra from which an appeal may be taken to this court as a matter of right. Because it was not "made before trial", it is not such an order as may be appealed under the procedure to which reference is made in subsection (6). It follows we are without jurisdiction. Wilge v. Cropp, 74 S.D. 511, 54 N.W.2d 568.

Our order will be that the appeal is dismissed.

ROBERTS, J., disqualified.