IVERSEN, Appellant v. TERRIERE et al., Defendants and WILLIAMS, Respondent

(104 N.W.2d 474)

(File No. 9728. Opinion filed August 18, 1960)
Rehearing denied September 28, 1960.

**Dudley R. Herman,** Gregory, for Plaintiff and Appellant.

**Martens, Goldsmith & May,** Pierre, for Defendant and Respondent Dick Williams.

TAIT, Circuit Judge. This action arose from facts and circumstances substantially as follows: On December 9, 1947, the plaintiff signed and delivered a quitclaim deed to the defendant, Dick Williams. The defendant did not produce the deed upon the trial, but it had been recorded by him in the office of the Register of Deeds of Stanley County on September 26, 1949. This deed, as recorded, purported to convey to the defendant

"the Fence And the E½ of section twenty-four (24) and

"the Fence And the E½ of section twenty-five (25)   *   *   *."

(Emphasis added.)

The plaintiff contends that said quitclaim deed was altered after he signed and delivered it to the defendant. He contends that when it was delivered it read

"the Fence On the E½ of section twenty-four (24) and

"the Fence On the E½ of section twenty-five (25)" etc.

(Emphasis added.)   Thus, plaintiff claims the word "On" was changed to read "And", thereby purporting to convey the fences And the real property, when it was intended to, and did, convey only the fences on the described real estate.

The plaintiff commenced this action on May 10, 1951, praying that said quitclaim deed be reformed to convey the fences only, and that the title to the real estate be quieted in him against the claims of the defendant based upon said quitclaim deed. This action was before this court on a prior appeal involving a procedural question. Iversen v. Terriere, 77 S.D. 494, 93 N.W.2d 571. The trial of this action by the court, without a jury, resulted in a decision denying all relief to the plaintiff. This appeal is from the judgment, only, which was entered on that decision.

The error assigned in effect challenge the sufficiency of the evidence to sustain the decision of the trial court.

SDC 1960 Supp. 33.1605 provides as follows:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved for any of the following

causes, materially affecting the substantial rights of such party: * * *

"(6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law;" By SDC 1960 Supp. 33.1607 it is provided:

"An application for a new trial shall not be necessary as a prerequisite to obtain appellate review as to matters specified in subdivisions (6) and (7) of section 33.1605, and all of such matters may be reviewed on an appeal from the judgment, regardless of whether a motion for a new trial has been made, provided such matter has been submitted to the trial court as prescribed in section 33.0710."

The pertinent words of SDC 1960 Supp. 33.0710 to which reference is made in SDC 1960 Supp. 33.1607, supra, is as follows:

"Such of the matters specified in subdivisions (6) and (7) of section 33.1605 as may have been timely presented to the trial court by motion for directed verdict, request for findings, or other apt motion, offer, objection, or exception may be reviewed on appeal from the judgment without necessity for an application for a new trial."

■ The foregoing provisions were not prompted by an intention to do away with the necessity of raising the question of the sufficiency of the evidence in the trial court. They were inserted in an attempt to make it clear that, if the sufficiency of the evidence had been once questioned in the trial court by other appropriate procedure, it need not be questioned there a second time on motion for new trial in order to secure a review of the evidence in this court.

■ The sufficiency of the evidence was not questioned in the trial court by motion for new trial, request for findings, or other appropriate procedure.

It is the firm rule of this court that the issue must be presented to the trial court in one of the methods provided by statute. This was not done by appellant. The record does not, therefore, present for review the sufficiency of the evidence to sustain the findings of fact. SDC 1960 Supp. 33.0710; Chambers v. Wilson, 67 S.D. 495, 294 N.W. 180; Ehrke v. North American Life & Casualty Co., 71 S.D. 376, 24 N.W.2d 640; Ove v. Hutcheson, 77 S.D. 78, 85 N.W.2d 675.

The judgment appealed from is affirmed.

SMITH, RENTTO, HANSON and BIEGELMEIER, JJ., concur.

TAIT, Circuit Judge, sitting for ROBERTS. P. J., disqualified.