IVERSEN, Appellant v. TERRIERE et al., Defendants and DICK WILLIAMS, Respondent

(105 N.W.2d 76)

(File No. 9728. Opinion filed September 28, 1960)

**Dudley R. Herman,** Gregory, for Plaintiff and Appellant.

**Martens, Goldsmith & May,**Pierre, for Defendant and Respondent Dick Williams.

TAIT, Circuit Judge. The opinion filed by this Court on August 18, 1960, and reported in 78 S.D. 478, 104 N.W.2d 474, held that appellant had not raised the question of sufficiency of the evidence to sustain the findings of fact, or presented that issue to the trial court by motion for new trial, request for findings or other appropriate procedure and this Court could not consider the sufficiency of the evidence to sustain the findings of fact.

On September 7, 1960, the appellant petitioned this Court to remit the record to the trial court and to direct the trial court to allow an extension of time within which the appellant might move the trial court for a new trial.

Notice of entry of the judgment was given November 27, 1957 and an appeal from this judgment was required to be taken within six months thereafter. SDC 1960 Supp. 33.0702. An application for a new trial was required to be made within that time by SDC 33.1606 (Supreme Court Rule 186 of 1939). SDC 33.0711 (Supreme Court Rule 59 of 1939) under

which appellant requests relief is a limitation on our authority. It provides:

> "Whenever, after appeal to the Supreme Court, it shall appear to the satisfaction of the Supreme Court upon application of a party that the ends of justice require that such party should be permitted to make a motion for a new trial for a cause set forth in subdivisions (1), (2), (3), or (4) of section 33.1605, and that sufficient excuse exists for not having made said motion prior to the appeal, the Supreme Court may remand the record to the trial court for the purpose of making such motion, but no such remand shall be made unless such motion can be made and hearing thereon had in the trial court within the time permitted by law for appeal."

We are therefore without power to grant the application. Any relief to which appellant may be entitled under the facts alleged must be addressed to the trial court in such proceedings as he may deem appropriate.

The application must be and is denied.

SMITH, RENTTO, HANSON and BIEGELMEIER, JJ., concur.

TAIT, Circuit Judge, sitting for ROBERTS, P.J., disqualified.