OAHE ENTERPRISES, INCORPORATED, Respondent v. GOLDEN, Appellant

(218 N.W.2d 485)

(File No. 11144. Opinion filed May 31, 1974)

David L. Bergren, Fort Pierre, for plaintiff-respondent.

**Ronald G. Schmidt,** Pierre, for defendant-appellant.

RENTTO, Judge.[1]

A contract between these parties dated January 6, 1967 obligated plaintiff corporation to transfer some of its capital stock to defendant as payment for personal property he had assigned to it. Claiming that it was not binding and did not reflect their agreement, plaintiff brought this action to rescind it, or in the alternative, have it reformed to reflect the agreement they made. Defendant denied these allegations and by cross claim asked that plaintiff be required to make delivery of the stock.

On the trial of these issues to the court without a jury defendant prevailed. On December 23, 1970 judgment was entered dismissing plaintiff's causes of action and granting defendant judgment against plaintiff for $16,922.32, and ordering that it immediately issue to defendant its stock for that amount. However, there was no finding made or requested determining how many shares of stock defendant was entitled to receive. Obviously that would depend on the value ascribed to each share. No finding was made or proposed on this issue either.

On January 29, 1971 defendant filed a motion to amend the findings of fact, conclusions of law and judgment to fix the number of shares defendant was entitled to receive at 338.446. He arrived at this figure by claiming that the stock was worth $50.00 a share on January 6, 1967, the date the contract was entered into. The trial record seems to support this. Plaintiff took the position that the value of the stock should be determined as of December 23, 1970, the date of the judgment. Accordingly it tendered him 150 shares. This motion was not heard by the judge who had presided at the trial, but by his successor in office. On March 10, 1971 he entered an order denying the motion.

While it is not in the settled record, apparently a second motion similar to the one of January 29, 1971 was filed. Additionally it asked in the alternative for a new trial. The order denying it was entered on December 17, 1971 and filed June 6,

1. Retired Supreme Court Judge acting under authorization pursuant to S.L.1974, Ch. 154.

1972. There is no proof that notice of the entry of this order was given to the defendant, SDCL 15-26-2. Nevertheless he gave notice of appeal from that order. His present counsel's first appearance herein was at oral argument.

The threshold contention urged by respondent corporation is that this court lacks jurisdiction to hear appellant's purported appeal. We agree but not for the reason urged. It regards the appeal as not being timely. In our view the order involved is not appealable.

■ Subsections (2) through (5) of SDCL 15-26-1 describe the types of orders, other than intermediate orders made before trial, from which appeals from the circuit court can be taken to this court. They are as follows:

"(2) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

"(3) An order granting a new trial;

"(4) Any final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment;

"(5) An order which grants, refuses, continues, dissolves, or modifies any of the remedies of arrest and bail, claim and delivery, injunction, attachment, garnishment, receivership, or deposit in court;"

An appeal may not be taken from an order unless it is authorized by one of these provisions. Wilge v. Cropp, 74 S.D. 511, 54 N.W.2d 568. An attempted appeal from an order from which no appeal lies is a nullity, Deere & Webber Co. v. Hinckley, 20 S.D. 359, 106 N.W. 138, and confers no jurisdiction on this court, except to dismiss it.

■ While the first of these motions made no reference to a new trial and the second mentioned it only as an alternative, we consider them as having been filed pursuant to SDCL 15-6-59 (a)-

(g), our rules governing motions for new trials. From the exhibits attached to the first motion, and in the state of the record we must assume that similar exhibits were attached to the second one, it is clear that defendant was not seeking a retrial of the cause. He was asking only that the findings be amended to determine that a share of the stock in question was of the value of $50.00 on January 6, 1967, with the additional resulting conclusion and recital in the judgment, that he was entitled to receive 338.446 of them. It was his view that he was entitled to these amendments on the existing record. Accordingly no additional testimony was offered or taken.

We are of the view that this kind of a truncated proceeding for a new trial is within the contemplation of our rules. In SDCL 15-6-59(a), it is provided that:

> "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

Manifestly this language does not limit the motion to those situations where additional testimony is taken. See also SDCL 15-6-59(e). It may properly be urged on the record made at the trial as was done here.

Accordingly we are inclined to treat the motion in controversy as one for a new trial.

At this juncture we think it proper to point out that Rule 52(b) of the Federal Rules of Civil Procedure expressly provides for a motion to amend findings or make additional findings and permits the court to amend the judgment to correspond. It also provides that such motion may be made with a motion for a new trial pursuant to Rule 59.[2] Our Rules of Civil Procedure which govern the procedure in our circuit courts, SDCL 15-6-1, do not contain comparable provisions. They make no provision for a

---

2. The State Bar Committee on Revision of our Rules of Civil Procedure proposed it as one of our rules but it was not adopted by the court.

motion to amend findings and conclusions except as such authority is found in SDCL 15-6-59(a).

Several basic changes in our rules of appellate procedure were made with the enactment of the South Dakota Code of 1939. One of these was to remove an order denying a new trial from the list of appealable orders. Prior to this change an appeal was authorized from either an order granting or denying a new trial. 3168(3) R.C. 1919. However, SDC 33.0701 permitted appeals only from orders granting a new trial. That is the situation now. SDCL 15-26-1(3).

Complementing this change it was provided in the 1939 Code that an order denying a new trial could be assigned as error and reviewed on an appeal from a judgment. SDC 33.0710. This is still our rule. SDCL 15-26-19. There was no need for this when an appeal could be taken from an order denying a new trial. The review permitted is of all matters properly and timely presented to the court by the application. SDCL 15-26-21. Since the order here involved is one denying a new trial we must hold that an appeal from it does not lie.

It has been intimated that the order in question is appealable under SDCL 15-26-1(4). So far as here pertinent an appeal under it may be taken from:

"(4) Any final order affecting a substantial right, made * * * upon a summary application in an action after judgment;"

In Wilge v. Cropp, 74 S.D. 511, 54 N.W.2d 568, it was held that the design of this provision was to secure to an aggrieved party a review of such final orders, affecting substantial rights, as could not be considered on an appeal from the judgment entered in such matter. In other words, if the order is reviewable on an appeal from the judgment it is not an appealable order within the purview of this section.

Other orders entered after judgment, besides those denying a new trial, were also made reviewable on an appeal from the judgment by SDC 33.0710. This now appears as SDCL 15-26-19. To be reviewable on such appeal the order must be one "involving the merits and necessarily affecting the judgment". An order satisfies that requirement if its affirmance, modification or reversal would in any manner affect the judgment appealed from. Williams v. Williams, 6 S.D. 284, 61 N.W.38; Howells v. Howells, 79 S.D. 480, 113 N.W.2d 533. Since this order is of that kind it is reviewable in an appeal from the judgment. Consequently it is not appealable under SDCL 15-26-1(4).

At oral argument it was suggested that defendant's motion should be viewed as having been made pursuant to SDCL 15-6-60(a) which pertains to relief from clerical mistakes in judgments, and 15-6-60(b) which concerns relief from judgments on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence or fraud. Motions under these provisions must be made within a reasonable time after the judgment was entered except in designated circumstances not more than a year after entry of judgment. The trial court's holding that his second motion was not timely, apparently prompted this effort.

We do not agree with his suggestion. In the first place it is doubtful that he is seeking to be relieved from a judgment within the contemplation of the cited sections. The judgment was prepared by his counsel, as were the findings and conclusions, and gives him all that he requested. This he wants to retain. His motions sought only to add to it by amendment the specifics herein indicated which were not mentioned in any of the pleadings. Additionally the relief he was seeking was not based on any of the grounds enumerated in the provisions now urged.

Accordingly this appeal must be dismissed. An order to that effect will be entered.

All the Justices concur.

RENTTO, Retired Judge, sitting for WINANS J., disqualified.