#24312-dis-DG
**2007 SD 74**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

DARRELL JOHNSON,                          Plaintiff and Appellant,

    v.

LEBERT CONSTRUCTION, INC.,                Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STUART L. TIEDE
Judge

* * * *

MITCHELL PETERSON of
Davenport, Evans, Hurwitz & Smith, LLP          Attorneys for plaintiff
Sioux Falls, South Dakota                       and appellant.

KENT R. CUTLER and
KIMBERLY R. WASSINK of
Cutler & Donahoe, LLP                           Attorneys for defendant
Sioux Falls, South Dakota                       and appellee.

* * * *

ARGUED
MAY 23, 2007

OPINION FILED 7/18/07

#24312

GILBERTSON, Chief Justice

[¶1.]     Darrell Johnson attempts to appeal from the denial of a motion for new trial and judgment notwithstanding the verdict following a jury trial.  We dismiss the appeal for lack of jurisdiction.

## PROCEDURAL HISTORY

[¶2.]     On August 11, 2006, following a jury trial, notice of entry of judgment was served and motions for a judgment notwithstanding the verdict and new trial were filed.  On August 18, 2006, the trial court filed a memorandum opinion denying the motions for judgment notwithstanding the verdict and new trial.  The court requested counsel for Lebert Construction, Inc. (Lebert) to prepare and serve a conforming order denying the motions.  That order was circulated via electronic mail and an order was signed, attested and filed on August 23, 2006.[1]  A notice of entry of that order was served on October 2, 2006.  On November 1, 2006, Johnson filed a notice of appeal indicating the appeal was made "from the Order Denying Plaintiff's Motion for Judgment Notwithstanding the Verdict and Motion for New Trial."  No notice of appeal was filed from the underlying judgment.

[¶3.]     On November 8, 2006, Lebert filed a motion to dismiss the appeal for lack of timeliness.  Johnson filed a response to the motion to dismiss and a supporting affidavit from counsel indicating he was not provided a copy of the order after it was entered until service of the notice of entry over a month later.  This Court ordered full briefing on the jurisdictional issue.  Following briefing and oral argument, we dismiss the appeal.

---

1.     The current version of SDCL 15-6-5(b) does not allow for service by electronic mail.

## STANDARD OF REVIEW

[¶4.]    "We are required to take notice of jurisdictional questions, whether presented by the parties or not.  The appellate jurisdiction of this Court will not be presumed but must affirmatively appear from the record."  Double Diamond v. Farmers Co-op Elevator, 2003 SD 9, ¶6, 656 NW2d 744, 746.  "To determine whether the statutory grant of appellate jurisdiction has been met, the rules of statutory interpretation apply."  *Id.* ¶7.

## DISCUSSION

[¶5.]    Johnson argues that even conceding no appeal was taken from the judgment and thus it becomes untimely, the appeal from the denial of the post-trial motions was timely because that date is calculated from the service of notice of entry of the denial of the post-trial motions.  In support of this argument, Johnson relies primarily upon two cases, Dean v. Seeman, 42 SD 577, 176 NW 649 (1920) and McLean v. Merriman, 42 SD 394, 175 NW 878 (1920).  This argument, as well as this precedent, fails when applied to the current statutory scheme.

[¶6.]    SDCL 15-26A-6 governs the timeliness of an appeal following a motion for new trial or judgment notwithstanding the verdict.  During the time period relevant here, that statute provided:

> Except as provided in § 15-26A-6.1, an appeal from a judgment or order must be taken within sixty days after the judgment or order shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party.
>
> A written notice of appeal filed before the attestation and filing of such signed judgment or order shall be deemed as filed on the date of the attestation and filing of the judgment or order.

> The running of the time for filing a notice of appeal is terminated as to all parties by a timely motion filed in the circuit court by any party pursuant to § 15-6-59 or § 15-6-50(b), or both, *and the full time for appeal fixed by this section commences to run and is to be computed from the attestation and filing of an order made pursuant to such motion* or if the circuit court fails to take action on such motion or fails to enter an order extending the time for taking action on such motion within the time prescribed, then the date shall be computed from the date on which the time for action by the circuit court expires.

SDCL 15-26A-6 (2006) (emphasis added). *Compare* SDCL 15-26A-6 (amended March 17, 2006, by Rule 06-59,with effective date of July 1, 2006) (changing the time limit from sixty days to thirty days to perfect an appeal). The notice of entry requirement provided in the first part of the rule relates to a judgment or an independently appealable order. Perfecting an appeal following motions for new trial or judgment notwithstanding the verdict is governed by the third part of the rule. Accordingly, as expressly provided in the rule, the appeal time following such motions begins to run from the attestation and filing of the order denying the post-judgment motions.[2]

[¶7.]     In this case, the relevant time to perfect the appeal from the judgment was sixty days following the attestation and filing of the order denying the post-trial motions. Attestation and filing of the order was effectuated on August 23, 2006. From that day, notice of appeal was required to be perfected by October 22, 2006, which was a Sunday; therefore, Johnson had until the following Monday, October

---

2.     The current language that "the full time for appeal fixed by this section commences to run and is to be computed from the attestation and filing of an order made pursuant to such motion" first appeared with Supreme Court Rule 79-1 and has carried through other revisions to this section. *See* Rule 79-1; Rule 80-3; Rule 82-33; Rule 97-8; Rule 06-59.

23, 2006, to timely file the appeal. Notice of appeal was not filed until November 1, 2006. Even then, the notice of appeal only related to the post-judgment orders.

[¶8.] Nevertheless, Johnson seeks to calculate the appeal time from the notice of entry of the denial of the post-judgment motions despite the specific statutory provision triggering the appeal deadline from attestation and filing of the order. To support that calculation, Johnson cites earlier cases indicating the denial of a motion for new trial is independently appealable even when the appeal from the judgment is untimely. *See McLean*, 42 SD at 395, 175 NW at 879; *Dean*, 42 SD at 577, 176 NW at 649; Brown v. Brown, 49 SD 167, 206 NW 688 (1925); Keyes v. Baskerville, 41 SD 214, 170 NW 143 (1918) (recognizing that an appeal from an order denying a motion for new trial and the appeal from the judgment are "separable and independent"). As such, Johnson argues a notice of entry of the denial of the motion, as an appealable order, was required, therefore, rendering the appeal timely from that event. These decisions interpreted the Code of 1919.[3]

[¶9.] However, although overlooked by both parties in their discussion of timeliness, there is a separate, more modern line of cases, holding that an appeal may not be taken from an order denying a new trial as such order is only reviewable upon appeal from the underlying judgment in the matter. *See* Oahe Enterprises

---

3. Those cases interpreted the following provision:

> An appeal to the supreme court must be taken within sixty days after written notice of the filing of the order shall have been given to the party appealing; every other appeal allowed must be taken within one year after the judgment shall be signed, attested and filed.

SDC 1919, § 3147.

#24312

Inc. v. Golden, 88 SD 296, 218 NW2d 485 (1974); State Highway Comm. v. Madsen, 80 SD 120, 119 NW2d 924, 927 (1963); Meyer v. Meyer, 76 SD 268, 77 NW2d 559 (1956); Wilge v. Cropp, 74 SD 511, 54 NW2d 568 (1952) (dismissing appeals taken from orders denying new trial).[4]  Instructively, those cases recognized:

> Several basic changes in our rules of appellate procedure were made with the enactment of the South Dakota Code of 1939.  One of these was to remove an order denying a new trial from the list of appealable orders.  Prior to this change an appeal was authorized from either an order granting or denying a new trial. 3168(3) RC 1919.  However, SDC 33.0701 permitted appeals only from orders granting a new trial.  That is the situation now. SDCL 15-26-1(3).
>
> Complementing this change it was provided in the 1939 Code that an order denying a new trial could be assigned as error and reviewed on an appeal from a judgment. SDC 33.0710.  This is still our rule. SDCL 15-26-19.  There was no need for this when an appeal could be taken from an order denying a new trial.  The review permitted is of all matters properly and timely presented to the court by the application. SDCL 15-26-21.  Since the order here involved is one denying a new trial we must hold that an appeal from it does not lie.
>
> It has been intimated that the order in question is appealable under SDCL 15-26-1(4).  So far as here pertinent an appeal under it may be taken from:
>
> "(4) Any final order affecting a substantial right, made ... upon a summary application in an action after judgment;"
>
> In Wilge v. Cropp, 74 SD 511, 54 NW2d 568, it was held that the design of this provision was to secure to an aggrieved party a review of such final orders, affecting substantial rights, as could not be considered on an appeal from the judgment entered in such matter.  In other words, if the order is reviewable on an appeal from

---

4.    *See also* Waln v. Putnam, 86 SD 385, 196 NW2d 579 (1972); Fales v. Kaupp, 83 SD 487, 161 NW2d 855 (1968) (stating order denying new trial is not appealable but reviewable on appeal from the judgment).

the judgment it is not an appealable order within the purview of this section. [88 SD 302]

Other orders entered after judgment, besides those denying a new trial, were also made reviewable on an appeal from the judgment by SDC 33.0710. This now appears as SDCL 15-26-19. To be reviewable on such appeal the order must be one "involving the merits and necessarily affecting the judgment." An order satisfies that requirement if its affirmance, modification or reversal would in any manner affect the judgment appealed from. Williams v. Williams, 6 SD 284, 61 NW 38; Howells v. Howells, 79 SD 480, 113 NW2d 533. Since this order is of that kind it is reviewable in an appeal from the judgment. Consequently it is not appealable under SDCL 15-26-1(4).[5]

*Oahe Enterprises, Inc.*, 88 SD at 296, 218 NW2d at 301-02. There was no attempt here to appeal the judgment, most likely because of the timeliness issue, however, a separate appellate avenue is not created by the denial of the motion for new trial or

---

5. As stated in *Wilge*, 74 SD at 511, 54 NW2d at 568:

Changes in the rules of appellate procedure made with the enactment of the 1939 code liberalized appeals by extending the scope of review in an appeal from a judgment. Such changes also accelerated the judicial process by preventing appeals from intermediate orders. The purposes of the changes can be achieved only by reasonably close adherence to the rules.

This structure substantially carries through in the current rules of appellate procedure. *See* SDCL 15-26A-3(3) (appeal may be taken from an order *granting* new trial); SDCL 15-26A-7 ("On appeal from judgment the Supreme Court may review any order, ruling or determination of the trial court, including an order denying a new trial."); SDCL 15-26A-9 ("When reviewing an order denying a new trial, the Supreme Court may review all matters properly and timely presented to the court by the application for new trial.").

judgment notwithstanding the verdict to resurrect an appeal.[6]   In the absence of a properly perfected appeal from the judgment, the denial of the post-judgment motions is not reviewable.

[¶10.]     In summary, the party wishing to appeal now has thirty days from the notice of entry to perfect an appeal from the judgment or an independently appealable order.  In contrast, the appeal time following post-judgment motions, such as a motion for a new trial or a judgment notwithstanding the verdict, does not start to run upon a notice of entry, but rather starts to run from the attestation and filing of the order denying those motions.  Furthermore, a party wishing to appeal the merits of the case cannot rely on a motion for judgment notwithstanding the verdict or a motion for a new trial.  An appeal of these post-trial and post-judgment

---

6.     In his brief and at oral argument counsel for Johnson indicated Lebert should be faulted for not making sure notice of the filing and attestation of the order was given to him and formerly serving the proposed order.  As discussed above, there is no notice of entry requirement related to the denial of the post-trial motion.  Even though the trial court indicated that a proposed order should be served, which was only accomplished informally through email, this is without consequence as the service of a proposed order is irrelevant in calculating appeal timeframes.  Further, as one commentator has indicated:

> A prospective appellant has an obligation to follow the progress of its case and to monitor the docket or otherwise affirmatively check with the court or the clerk's office, and a failure to do so does not constitute excusable neglect justifying an extension of the time to appeal under [Federal Rule of Appellate Procedure 4].

Federal Procedure, Lawyers Edition, *Appeal, Certiorari and Review*, § 3:600 (West 2003 and 2006 Supp).

motions only examines whether the motion should have been granted.  It does not reopen or resurrect an appeal of the judgment.

[¶11.]         Appeal dismissed.

[¶12.]         SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.