#25672-denied-PER CURIAM

**2011 S.D. 26**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

THE PEOPLE OF THE STATE OF SOUTH DAKOTA,
EX REL., SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES,
IN THE INTEREST OF B.H., JR. AND M.H., CHILDREN
AND CONCERNING P.H. AND B.H., SR.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FOURTH JUDICIAL CIRCUIT
LAWRENCE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE WARREN G. JOHNSON
Judge

\* \* \* \*

MARTY J. JACKLEY
Attorney General

and

ANN M. HOLZHAUSER
Special Assistant Attorney General
Department of Social Services
Pierre, South Dakota                           Attorneys for appellee State of
                                               South Dakota.


JOSEPH M. KOSEL
Johns & Kosel, Prof. LLC
Lead, South Dakota                             Attorney for appellant Father
                                               B.H., Sr.

\* \* \* \*

CONSIDERED ON BRIEFS
ON SEPTEMBER 17, 2010

OPINION FILED **06/15/11**

#25672

PER CURIAM

[¶1.]    Petitioner (Father) filed a notice of appeal seeking to appeal termination of his parental rights under SDCL chapter 26-8A. Father's appeal was dismissed because the original notice of appeal did not contain his signature as required by SDCL 15-26A-4. Father now petitions this Court to reinstate his appeal. A signed notice of appeal accompanied the petition for reinstatement. Because the signing requirement of SDCL 15-26A-4 is jurisdictional and jurisdictional requirements cannot be waived, the petition for reinstatement is denied.

PROCEDURAL HISTORY

[¶2.]    In this abuse and neglect proceeding Father seeks to appeal termination of his parental rights. The notice of appeal filed by Father's counsel on June 24, 2010, did not contain Father's signature. SDCL 15-26A-4 requires that an appellant and his or her attorney sign the notice of appeal when seeking to appeal an order terminating parental rights under SDCL chapter 26-8A. By order filed June 30, 2010, this Court dismissed the appeal.

[¶3.]    On July 1, 2010, Father's counsel mailed the instant petition for reinstatement of appeal. Time for filing a notice of appeal had expired prior to July 1. Attached to the petition for reinstatement of appeal is a notice of appeal signed by Father and his attorney. By affidavit, Father's counsel indicates Father did not sign the notice of appeal earlier because he was hospitalized and changing residences.

ANALYSIS

[¶4.]    This Court takes notice of jurisdictional questions regardless of whether the parties present them. *Johnson v. Lebert Const., Inc.,* 2007 S.D. 74, ¶ 4, 736 N.W.2d 878, 879. "The appellate jurisdiction of this Court will not be presumed but must affirmatively appear from the record." *Id.* We apply the rules of statutory interpretation to determine whether this Court has appellate jurisdiction over a case. *Id.*

[¶5.]    In this factual context, the issue is whether the rules of appellate procedure allow the lack of signature on the notice of appeal under SDCL chapter 26-8A to be cured after the time for filing a notice of appeal expired. In addition to the rules addressed above, other rules of appellate procedure factor into the analysis.

[¶6.]    SDCL 15-26A-2 provides:

> In the interest of expediting decision in cases of pressing concern to the public or to litigants, or for other good cause shown, the Supreme Court, except as otherwise provided in § 15-26A-92, may suspend the requirement or provision of these rules on application of a party or on its own motion and may order proceedings in accordance with its direction.

SDCL 15-26A-92 provides:

> The Supreme Court for good cause shown may upon motion enlarge or extend the time prescribed by this chapter for doing any act or may permit an act to be done after the expiration of such time; but the Supreme Court may not enlarge the time for filing a notice of appeal.

[¶7.]    Reading these rules together, the only requirement which cannot be suspended is timely filing a notice of appeal. Therefore, it would seem that the appellant signing requirement of SDCL 15-26A-4 could be suspended. However,

-2-

"[t]he failure of the appellant and his or her attorney to sign a notice of appeal under chapter 26-8A deprives the Supreme Court of jurisdiction to decide the appeal." SDCL 15-26A-4.

[¶8.]     Strict compliance with the signing requirement is suggested by the nature of the only explicit exception to rule 15-26A-2. The sole exception contained within that rule is timely filing a notice of appeal – a jurisdictional requirement. "This Court is without jurisdiction of an untimely appeal." *Long v. Knight Const. Co.,* 262 N.W.2d 207, 209 (S.D. 1978). But notices of appeal are "to be liberally construed in favor of their sufficiency." *Int'l Union of Operating Eng'rs Local No. 49 v. Aberdeen Sch. Dist. No. 6-1*, 463 N.W.2d 843, 844 (S.D. 1990).

[¶9.]     In interpreting the relevant rules, the analysis provided by other courts addressing similar situations is instructive. *See State v. Mulligan*, 2005 S.D. 50, ¶ 6, 696 N.W.2d 167, 169 (noting the decision's consistency with application of similar rules of federal appellate procedure).

[¶10.]     In *Torres v. Oakland Scavenger Co.,* the United States Supreme Court addressed the possibility of excusing non-compliance with jurisdictional mandates. 487 U.S. 312, 313, 108 S. Ct. 2405, 2407, 101 L. Ed. 2d 285 (1988). Torres was dismissed from a lawsuit because a clerical error omitted his name on a notice of appeal. *Id.* at 314, 108 S. Ct. at 2407. The Court began its analysis by acknowledging that Federal Rule of Appellate Procedure 2 "gives courts of appeals the power, for 'good cause shown,' to 'suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion.'" *Id.* The Court noted, however, that an exception to the equitable discretion

authorized by Rule 2 will not allow a court to "'enlarge' the time limits for filing a notice of appeal, which are prescribed in Rule 4." *Id.* at 315, 108 S. Ct. at 2407. "Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to permitting courts to extend the time for filing a notice of appeal. Because the Rules do not grant courts the latter power, we hold that the Rules likewise withhold the former." *Id.* at 315, 108 S. Ct. at 2408. The Court found support in the advisory committee notes to Rule 3: "[b]ecause the timely filing of a notice of appeal is 'mandatory and jurisdictional,' *United States v. Robinson*, 361 U.S. 220, 224, 80 S. Ct. 282, 285, 4 L. Ed. 2d 259 (1960), compliance with the provisions of those rules is of the utmost importance." *Id.*

[¶11.] The Court noted the important principle of liberal construction of the requirements of the rules of appellate procedure and that "'mere technicalities' should not stand in the way of consideration of a case on its merits." *Id.* at 316, 108 S. Ct. at 2408 (quoting *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "But although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even 'for good cause shown' under Rule 2, if it finds that they have not been met." *Id.* at 317, 108 S. Ct. at 2409.

[¶12.] Torres argued that the court of appeals should apply a "harmless error analysis" to defects in a notice of appeal. *Id.* at 317 n.3, 108 S. Ct. at 2409 n.3. "This argument misunderstands the nature of a jurisdictional requirement: a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by

a court." *Id*. The Court affirmed dismissal of Torres's appeal,[1] holding that "the court of appeals was correct that it never had jurisdiction over petitioner's appeal." *Id*. at 317, 108 S. Ct. at 2409.

[¶13.] More recently, the Supreme Court considered the signing requirement of a notice of appeal included in the federal rules of appellate procedure. *Becker v. Montgomery*, 532 U.S. 757, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001). Becker initiated a pro se civil rights action which was dismissed for failure to exhaust administrative remedies. *Id*. at 759-60, 121 S. Ct. at 1804. Becker timely filed a notice of appeal. On the notice of appeal, Becker typed, but did not sign, his signature. *Id*. The court of appeals dismissed the appeal for want of a signature, deeming the failure jurisdictional. The Supreme Court reversed, holding "[f]or want of a signature on a timely notice, the appeal is not automatically lost." *Id.* at 760, 121 S. Ct. at 1804.

[¶14.] Federal Rule of Civil Procedure 11 requires all documents be signed by the party's attorney, or the party, if not represented. This requirement includes notices of appeal. *Becker*, 532 U.S. at 768, 121 S. Ct. at 1808.

[¶15.] Rule 11(a) contains a clause explicitly allowing the signature requirement to be cured. The final sentence of that rule states: "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). *See* SDCL 15-6-

---

1. Changes in the language of Rule 3 made after *Torres* was decided softened application of this rule in the context of naming parties to an appeal. *Becker v. Montgomery*, 532 U.S. 757, 767, 121 S. Ct. 1801, 1807, 149 L. Ed. 2d 983 (2001) ("The current Rule 3(c)(2), . . . was designed 'to prevent the loss of a right to appeal through inadvertent omission of a party's name[.]'").

11(a) ("An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."). "[T]he signature requirement and the cure for an initial failure to meet the requirement go hand in hand. The remedy for a signature omission, in other words, is part and parcel of the requirement itself." *Becker,* 532 U.S. at 765, 121 S. Ct. at 1806.

[¶16.]   The *Becker* Court discussed *Torres.*

> In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S. Ct. 2405, 101 L. Ed. 2d 285 (1988), it is true, we held, that a notice of appeal that omitted the name of a particular appellant, through a clerical error, was ineffective to take an appeal for that party. *Id.*, at 318, 108 S. Ct. 2405 (construing Rule 3(c) prior to the ameliorative changes made in 1993). Becker's notice, however, did not suffer from any failure to "specify the party or parties taking the appeal."

*Id.* at 767, 121 S. Ct. at 1807-08 (internal footnote omitted). The Rule 11 signing requirement was "not a jurisdictional impediment to pursuit of his appeal." *Id.* at 765, 121 S. Ct. at 1807.

[¶17.]   The U.S. Supreme Court opinions cited above advise that jurisdictional requirements of appellate procedure cannot be waived. *Torres,* 487 U.S. at 317, 108 S. Ct. at 2409. But requirements which are not jurisdictional can be waived. *Becker*, 532 U.S. at 768, 121 S. Ct. at 1808. And appellate requirements containing an explicit cure are not jurisdictional. *See* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3949.6 (4th ed. 2008) (noting that the U.S. Supreme Court decision in *Becker* may have been different had Rule 11 not contained a provision for cure). This analysis applies to signing requirements

enacted especially for abuse and neglect proceedings. *Compare In re L.B.*, 653 S.E.2d 240, 244 (N.C. Ct. App. 2007), *aff'd per curiam*, 666 S.E.2d 751 (N.C. 2008), *and In re M.P.A.,* 689 S.E.2d 245, 2009 WL 4917317 (N.C. Ct. App. 2009), *with In re S.B.,* 666 N.W.2d 621, 2003 WL 1970757, at *2 (Iowa Ct. App. 2003), *and In re T.F. and H.F.,* 666 N.W.2d 622, 2003 WL 21076398 (Iowa Ct. App. 2003).

[¶18.]     The most recent change to the language of SDCL 15-26A-4 includes two sentences. First, "[a] notice of appeal filed under chapter 26-8A shall be signed by the appellant and his or her attorney." SDCL 15-26A-4. The jurisdictional language was added to the last paragraph of the rule: "[t]he failure of the appellant and his or her attorney to sign a notice of appeal under chapter 26-8A deprives the Supreme Court of jurisdiction to decide the appeal." *Id.* "When we interpret a statute or court rule, '[n]o wordage should be found to be surplus. No provision can be left without meaning. If possible, effect should be given to every part and every word.'" *Maynard v. Hereen,* 1997 S.D. 60, ¶ 14, 563 N.W.2d 830, 835 (quoting *Cummings v. Mickelson*, 495 N.W.2d 493, 500 (S.D. 1993)).

[¶19.]     The signing requirement of SDCL 15-26A-4 does not arise from application of our version of Rule 11 (SDCL 15-6-11(a)). Unlike Rule 11, the language of SDCL 15-26A-4 requiring appellant's signature in appeals under SDCL chapter 26-8A does not provide a manner in which the applicable deficiency may be cured. There is no "cure for an initial failure to meet the requirement" to go hand in hand with the requirement itself. *Becker,* 532 U.S. at 765, 121 S. Ct. at 1806. Because there is no provision for cure, and the signing requirement of SDCL 15-26A-4 is explicitly jurisdictional, failure to comply with its mandate cannot be

excused. *See Torres,* 487 U.S. at 317 n.3, 108 S. Ct. at 2409 n.3 ("a litigant's failure to clear a jurisdictional hurdle can never be 'harmless' or waived by a court"). Therefore Father cannot avail himself of the benefits of SDCL 15-26A-2 and SDCL 15-26A-92.

[¶20.] Conceptually, this Court has never had jurisdiction over the present appeal. Filing a notice of appeal without appellant's (and attorney's) signature deprived this Court of jurisdiction to consider the appeal of a judgment terminating parental rights under SDCL chapter 26-8A. SDCL 15-26A-4. Before this defect was cured, the time for filing an appeal expired. Any notice of appeal filed after the prescribed period expired failed to confer jurisdiction upon this Court. *See Long,* 262 N.W.2d at 209. Failure to clear this jurisdictional hurdle deprives this Court of jurisdiction to consider the merits of the appeal.[2]

[¶21.] Petition for reinstatement denied.

[¶22.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.

---

2. Any alteration of this rule would need to be addressed through a change in the court rules or by statute.